FILED

05/30/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0755

DA 16-0755

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 133N

IN THE MATTER OF:

A.R.N.,

      A Youth in Need of Care.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DN 15-10
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tracy Labin Rhodes, Attorney at Law, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          William E. Fulbright, Ravalli County Attorney, Howard F. Recht, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  May 24, 2017

Decided:  May 30, 2017

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Birth Father appeals the decision of the Twenty-First Judicial District Court, Ravalli County, terminating his parental rights to A.R.N. Birth Father argues that the court failed to identify the standard of proof it employed in terminating his rights and that there was not clear and convincing evidence that the circumstances rendering him unfit were unlikely to change within a reasonable amount of time. We affirm.

¶3 A.R.N. was born in May of 2014 and has resided in foster care since October of 2015, nearly two-thirds of A.R.N.'s life. Birth Mother and Birth Father are not married. On January 19, 2015, Birth Mother was exhibiting paranoid, erratic, and incoherent behaviors. Law enforcement witnessed her screaming profanities into her phone while holding A.R.N., then eight months old, while under the influence of drugs. As a result, Birth Mother was charged with two counts of felony criminal endangerment and A.R.N. was placed with Birth Father by the Department of Public Health and Human Services, Child and Family Services Division (the Department).

¶4 On August 14, 2015, Birth Father was arrested and detained on charges of partner or family member assault and burglary. The Department placed A.R.N. in foster care, but A.R.N. was subsequently returned to Birth Father. In October of 2015, however, Birth

Father was charged again with partner or family member assault and the Department again removed A.R.N., due to concerns about Birth Father's anger issues, personal instability, and a chemical dependency evaluation in which Birth Father admitted to a long history of untreated severe drug use. A.R.N. has remained in foster care since this most recent removal from her Birth Father.

¶5 On August 21, 2015, the Department filed a Petition for Emergency Protective Services, Adjudication of Child as Youth in Need of Care and for Temporary Legal Custody or, in the Alternative, Temporary Investigative Authority. The court granted emergency protective services and temporary investigative authority to the Department on September 10, 2015. On February 11, 2016, the Court adjudicated A.R.N. a youth in need of care for a period of 6 months and approved a treatment plan for Birth Father on March 17, 2016. On August 3, 2016, the Department petitioned the court to terminate Birth Father's parental rights to A.R.N. due to Birth Father's failure to comply with the court ordered treatment plan. Following a hearing on November 18, 2016, the District Court terminated Birth Father's rights on November 23, 2016. The District Court found that it was established "by clear and convincing evidence" that the best interest of A.R.N. will be served by termination of the parent-child legal relationship.

¶6 Birth Father has a history of unmanaged anger issues, as well as severe drug addiction. The treatment plan approved by the court addressed these areas of concern. Birth Father disclosed to the chemical dependency evaluator a long and extensive history of illegal drug use involving crack cocaine, marijuana, heroin, opiates, methamphetamine, amphetamine, and benzodiazepine. Intensive inpatient treatment with the Montana

Chemical Dependency Center (MCDC) was recommended. Birth Father entered treatment, but left two days later because he disliked MCDC's ban on smoking. Birth Father refused to re-enter treatment, even following a second evaluation which similarly recommended intensive inpatient treatment. Birth Father expressed he has no substance abuse issues, despite testing positive for use of marijuana in a urinalysis and being charged with possession and again jailed in August of 2016. The District Court found that Birth Father had failed to comply with the treatment plan requirement that he follow through with treatment recommendations concerning his drug addictions.

¶7 A psychological evaluation of Birth Father recommended that Birth Father participate in anger management classes. Birth Father's assessment for potential dangerousness was elevated for both physical and emotional dangerousness, due to his criminal record of assault, partner or family member assault, aggravated burglary, and untreated and admitted methamphetamine addiction. The evaluator opined that Birth Father was in need of serious intervention based upon Birth Father's drug addiction and admitted destruction of property, use of threatening and vulgar language, and throwing things when angry. The District Court found that Birth Father had failed to follow through with any of these treatment recommendations concerning his dangerousness and anger issues.

¶8 The District Court found that, although there had been some visitation with A.R.N., Birth Father was inconsistent with his visitation opportunities and that Birth Father had discontinued visits after October 29, 2016. The District Court also found that Birth Father

had failed to participate in family-based therapy and failed to secure appropriate housing for A.R.N.

¶9 This Court reviews a district court's decision to terminate parental rights for an abuse of discretion. *In re E.Z.C.*, 2013 MT 123, ¶ 18, 370 Mont. 116, 300 P.3d 1174. An abuse of discretion occurs when a district court acts arbitrarily, without conscientious judgment, or exceeds the bounds of reason. *E.Z.C.*, ¶ 19. Upon review of the record, we conclude that there was more than substantial evidence presented to the District Court for its finding that Birth Father had failed to complete his treatment plan and the court's conclusion that the conduct rendering Birth Father unfit to parent A.R.N. was unlikely to change. Birth Father had anger issues and a severe drug addiction. He refused to attend anger management classes and did not complete the program at MCDC. His dangerousness and risk to A.R.N. as a result of these untreated issues was elevated. His visitation with A.R.N. was inconsistent. Despite an appropriate treatment plan being approved by the court and resources made available to Birth Father, Birth Father did not avail himself of the chance to remove the conditions rendering him unfit to parent.

¶10 The District Court addressed all of the statutory mandates and made specific and detailed findings of fact which addressed the primary consideration of A.R.N.'s best interests. Section 41-3-609 (3), MCA; *In re C.M.C.*, 2009 MT 153, ¶ 23, 350 Mont. 391, 208 P.3d 809. The court's findings satisfied the requirements of § 41-3-609(1)(f), MCA, that Father had not complied with an appropriate treatment plan and that the condition rendering Birth Father unfit was unlikely to change. As the record clearly supports there was substantial evidence supporting each of the statutory requirements, we will not address

Birth Father's argument that any alleged deficiency in the court's enunciation of the burden of proof renders his termination of parental rights constitutionally infirm. The District Court did not abuse its discretion in terminating Birth Father's parental rights to A.R.N.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE